UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

NED W. BRANTHOVER,                :
            Plaintiff,        :
                     :

v.                             :
                     :

MARY GOLDENSON, PhD,       :
            Defendant.     :

--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/11

**MEMORANDUM DECISION**

10 CV 7677 (VB)

Briccetti, J.:

      Plaintiff Ned W. Branthover alleges that defendant Mary Goldenson, his therapist, conspired with plaintiff's wife to diagnose him falsely as a sex addict so that he would be induced to sign a post-nuptial agreement. Plaintiff seeks damages for common law fraud, malpractice, negligent infliction of emotional distress, and breach of fiduciary duty. Defendant moves to dismiss the complaint or transfer venue. (Doc. #11). For the reasons set forth below, the motion to transfer venue is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

      For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true.

      Defendant is a therapist who works in Los Angeles, California. In September 2007, plaintiff's then-wife, Jeanne Branthover, retained defendant to provide marital counseling services to the couple. Plaintiff alleges Ms. Branthover conspired with defendant to use the marital counseling as subterfuge to persuade plaintiff to enter into a post-nuptial agreement.

1

Plaintiff alleges defendant told him he must sign the agreement to save his marriage. He alleges defendant insisted the couple participate in four days of "round-the-clock" counseling, during which plaintiff was kept in a locked room with no windows.[1] Plaintiff alleges defendant falsely diagnosed him as a sex addict during this time and stated that his addiction was the cause of his marital problems. He alleges defendant made this false diagnosis knowingly and with the sole intention of persuading plaintiff to sign the agreement.

At the conclusion of the fourth day of therapy, plaintiff consented to sign the post-nuptial agreement and participate in further therapy with defendant.

Plaintiff alleges defendant insisted he attend the Esalen Institute in California, where he met with defendant for one week of therapy.

Plaintiff alleges defendant conducted subsequent telephone calls with the couple and visited them in New York in November 2007 as part of the conspiracy to perpetrate a fraud against plaintiff. Defendant counseled plaintiff to do nice things for his wife and to seek treatment for his addiction. The counseling relationship ended in March 2008.

The parties thereafter commenced matrimonial litigation. Plaintiff alleges that the post-nuptial agreement became the framework for the terms of his divorce.

## DISCUSSION

Defendant moves to transfer venue pursuant to 28 U.S.C. § 1404. A motion to transfer venue first requires the Court to decide whether the case could have been brought in the transferee district. Glass v. S & M NuTec, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006). If venue

_____

[1] The Court notes that plaintiff simultaneously alleges that the counseling was "round-the-clock" and "9 hours a day."

in the transferee district is appropriate, the question is whether Section 1404(a) requires transfer in the interests of justice based on the following factors: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id.  A district court has broad discretion to balance these factors and consider the evidence of convenience and fairness on a case-by-case basis in order to protect litigants and prevent the waste of time, energy, and resources.  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

The moving party has the burden of justifying transfer of venue.  Plaintiff's choice of forum should control absent a "strong case for transfer."  Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d at 521.

I.      This Action Could Have Been Brought in the Central District of California

Venue is determined pursuant to 28 U.S.C. § 1391(a), which provides that "a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

3

Defendant resides in California and does business in California, and most of the events giving rise to the claim occurred in California. Although defendant is subject to personal jurisdiction in New York, plaintiff could have brought this action in California. The Court therefore turns to the nine factors to evaluate whether transfer is warranted.

II.     Convenience of the Witnesses

The location and convenience of witnesses is an important factor in deciding whether to transfer a case. See Ford Motor Co. v. Ryan, 182 F.2d 329, 331 (2d Cir. 1950). To assess the convenience of the witnesses, the court examines the number of witnesses, their respective residence and the "materiality, nature, and quality of each witness." Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

Defendant states in her submissions that the following potential witnesses reside in California: defendant, defendant's office aide, and a witness from the Esalen Institute. Plaintiff states in his submissions that the following potential witnesses reside in New York: plaintiff, Ms. Branthover, Ellery Gordon, who allegedly referred the couple to defendant for counseling, and Lans Cohen, Ms. Branthover's law firm. Plaintiff alleges defendant conspired with these witnesses to perpetrate the fraud against him.

All of plaintiff's witnesses are alleged co-conspirators of defendant, and two of them are not referenced in the complaint. Conversely, defendant's witnesses would presumably be able to rebut plaintiff's allegations and would be necessary to her defense; thus, their testimony is more likely to be material. This factor favors defendant's choice of forum.

4

III.     Location of Relevant Documents and Access to Sources of Proof

The parties do not address the location of relevant documents, if any.  Courts have repeatedly found that, given the ease of electronic data storage and transfer, this factor is not as important as it once was.  See, e.g., Am. Steamship Owners Mut. Protection & Indent. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning and emailing documents.").  Because this case does not appear to involve large quantities of documentary evidence and the parties are silent on the issue, the Court assumes any relevant documents could be easily exchanged.

Nearly all of the relevant events took place in and around defendant's office.  To the extent plaintiff alleges he was kept locked in defendant's office for four days or otherwise subjected to duress, defendant's office, and the hotel where the couple stayed during counseling, are located in Los Angeles.  Accordingly, this factor slightly favors defendant's choice of forum.

IV.     Convenience of the Parties

Because district courts have broad discretion in making determinations of convenience under Section 1404(a), convenience and fairness are assessed on a case-by-case basis.  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

The Court recognizes that it would be a hardship for defendant to be compelled to defend herself in New York because she resides in and operates a solo practice in California.  Litigation in New York would be expensive and would disrupt her ability to run her practice.  The Court also recognizes that it would be inconvenient and potentially expensive for plaintiff to travel to

California, although it notes he does not provide any information about his profession or whether or not his employment would be disrupted by litigation in California. Thus, this factor is neutral.

V.      Locus of Operative Facts

All of the events alleged in the complaint took place in California, except for "periodic phone calls" between plaintiff and defendant, and one visit by defendant to New York in November 2007. Not only did the phone calls and New York visit take place after plaintiff's alleged injury, they do not appear to hold much significance to his causes of action, if any. Furthermore, phone calls between parties in New York and California cannot be said to have "occurred" in New York. When examining claims for misrepresentation on a motion to transfer venue, "misrepresentations and omissions are deemed to occur in the district where they were transmitted or withheld, not where they are received." In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998). This factor strongly favors defendant's choice of forum.

VI.     Ability to Compel Unwilling Witnesses

The parties' proposed witnesses include individuals who may require a subpoena. Although only defendant has addressed this issue and asserted that the witness from the Esalen Institute may require a subpoena, the court recognizes that any witnesses against whom plaintiff alleges a conspiracy will also require a subpoena. Accordingly, this factor is neutral.

VII.    Relative Means of the Parties

The "relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." Michelli v. City of Hope, 1994 WL 410964, *3 (S.D.N.Y. 1994). In this case, both parties are individuals. While defendant asserts that litigating in New York would cause her financial hardship, plaintiff makes

no such claim with respect to litigating in California.  Thus, this factor favors defendant's choice of forum.

VIII.   The Forum's Familiarity with Governing Law

Because nearly all of the events giving rise to plaintiff's complaint occurred in California, California law will apply.  Because the Central District of California is more familiar with the governing law than is this district, this factor strongly favors defendant's choice of forum.

IX.   Plaintiff's Choice of Forum

Plaintiff chose to file suit in this district because he lives in New York.  According to the complaint, the only events that took place in New York were "periodic telephone calls" and a single visit in November 2007, and these occurred after plaintiff was allegedly injured.  Thus, plaintiff's choice is not substantively related to the merits of this case, but is one of convenience.  As such, it is afforded less weight.  See TM Claims Service v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402, 404 (S.D.N.Y. 2001) ("[A] plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum.").  Because few, if any, of the events that gave rise to the alleged torts took place in New York and plaintiff has chosen the forum for his convenience, this factor only slightly favors plaintiff's choice of forum.

X.   Trial Efficiency and the Interests of Justice

In light of these factors, the Court finds that the interests of justice require transfer of this case to California.  Plaintiff has demonstrated no tangible connection to the Southern District of New York other than a single alleged visit during which no significant event occurred.  Although plaintiff has chosen this forum, he has done so in contravention of Section 1391(a).  The alleged

events occurred in California, defendant and most key witnesses reside in California, and the action is governed by California law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to transfer venue. (Doc. #11).  The Clerk is instructed to terminate this motion and transfer this case to the United States District Court for the Central District of California.

Dated: December 12, 2011
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

8